UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DELORES WATTS                      JURY TRIAL DEMANDED

v.                                              CASE NO. 3:15 cv

CONSUMER SERVICES GROUP, INC.
CROWN ASSET MANAGEMENT, LLC

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), l5 U.S.C. § 1692.

2. The Court has jurisdiction. 15 U.S.C. § 1692k and 28 U.S.C. §133l.

3. Plaintiff is a natural person who has resided in Connecticut at all relevant times.

4. Plaintiff is a consumer within the FDCPA, in that the account involved in defendants' collection efforts arose out of a personal credit card account issued by Comenity Bank in the name of Haband, a retail clothing purveyor.

5. Defendant Crown Asset purchased the Haband account after it became in default, for pennies on the dollar.

6. Defendant Crown Asset regularly purchases and attempts to collect on defaulted consumer accounts such as plaintiff's.

7. By the time Crown Asset purchased the account, the account records showed that plaintiff was represented by attorney.

8. Defendant Crown Asset prides itself on full compliance with all state, local and federal regulations related to debt collection.

9. Crown Asset's policy is to ensure that laws and regulations relating to collections are strictly adhered to by Crown and its servicer partners.

10. Crown Asset's policy is to maintain all necessary permits, licenses or other authorizations required to purchase and service consumer receivables and to make efforts to ensure that third parties acting on its behalf also have appropriate authorizations.

11. Defendant Crown Asset retained defendant Consumer Services Group to collect plaintiff's account.

12. Defendant Consumer Services Group regularly collects consumer debts through the use of the telephone or mail.

13. Each defendant was required to be licensed by the Connecticut Department of Banking in order to legally collect consumer accounts from Connecticut residents.

14. Defendant Consumer Services Group claims to be "Nationally Licensed."

15. Defendant Consumer Services Group, Inc. was not licensed as a consumer collection agency in compliance with chapter 669 Part XII of the Connecticut General Statutes in December 2014, when communicating in connection with efforts to collect plaintiff's personal account.

16. Unlicensed collection activity violates the FDCPA. <u>Goins v. JBC & Associates, P.C.</u>, 352 F. Supp. 2d 262 (D. Conn. 2005).

17. Defendants did not state the amount of the debt as required by §1692g, because its letter stated that "Interest, late charges or other charges, if permitted by agreement or law, may vary from day to day." <u>Jones v. Midland Funding, LLC</u>, 755 F. Supp. 2d 393, 397 (D. Conn. 2010).

18. In the collection efforts, the defendants violated the FDCPA, § 1692e, –f, or -g

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, including $1,000 statutory damages against each defendant under the FDCPA;

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award such other and such further relief as law or equity may provide.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net